```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA      )
                              )
          v.                  )    Criminal No. 98-3 Erie
                              )
CARL ANTHONY KNIGHT           )
```

<u>GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
FOR REDUCTION OF SENTENCE PURSUANT TO
18 U.S.C. § 3582(c)(2)</u>

AND NOW comes the United States of America by its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Marshall J. Piccinini, Assistant United States Attorney for said district, and states as follows:

A superseding indictment was returned by a grand jury against Knight on March 10, 1998, charging him with conspiring to distribute crack cocaine. On April 7, 1999, Knight was convicted by a jury as charged, and on August 17, 1999, he was sentenced to a term of imprisonment for life.

Knight was the leader and organizer of a crack cocaine distribution conspiracy that spanned from January 1993 to November 14, 1997. The evidence at trial proved that Knight's conspiracy to distribute crack cocaine was vast, and that Knight bought 2 kilograms of crack cocaine every ten days, paying his supplier $50,000.00 per week, during the four to five year course of the conspiracy. See, <u>United States v. Knight</u>, 50 Fed.Appx. 565, 568 (3d Cir. 2002). As the Third Circuit commented in its opinion

affirming the conviction and sentence, the quantity of crack cocaine attributed to Knight during the conspiracy was a "vast quantity of drugs the jury concluded beyond a reasonable doubt that Knight actually distributed." Id. at 569. At the sentencing hearing, this court found that "the defendant was responsible for the distribution of at least three kilograms of cocaine base a month in Erie." (Sentencing Transcript, August 11, 1999, p. 8) The court also found that over the four year period of the conspiracy, "the defendant brought into Erie two kilograms about every ten days". (Sentencing Transcript, p. 13).

      Based upon the trial testimony, the Probation Officer concluded that Knight was obviously responsible for quantities of crack cocaine in excess of 1.5 kilograms, which at the time, was the highest threshold of crack cocaine listed in the Drug Quantity Table at U.S.S.G. § 2D1.1(c). Although the trial testimony and the Court's sentencing findings showed that the quantity of crack cocaine attributed to the defendant exceeded 144 kilograms of crack cocaine (conservatively estimated with three kilograms a month for 12 months, multiplied by the four years of the conspiracy), since the highest threshold quantity under the Guidelines at the time was 1.5 kilograms, the base offense level was set at level 38. (See Presentence Investigation Report (PSR), paragraphs 38 and 41 (3 kilograms a month)). Since the Court found that the defendant was a leader or organizer of a conspiracy that involved five or more participants or was otherwise extensive, a four level adjustment

was applied. (PSR, para. 41; Sentencing Transcript, p. 14). Since the defendant obstructed justice by either intimidating a witness or by lying in his testimony at trial, an additional two levels were added to his adjusted offense level. (PSR, para. 42) Thus, Knight's adjusted offense level was 44. (PSR, para. 45) Since the Guidelines required that an offense level greater than 43 be treated as an offense level of 43, the defendant's final offense level was 43. (PSR, para. 47)  With an offense level 43 and a Criminal History Category of II, the corresponding Guideline sentencing range was imprisonment for life. (PSR, para. 77).

## ARGUMENT

The defendant's request for a sentence reduction under § 3582(c)(2) must be rejected because, if the new amended sentencing guideline for crack cocaine offenses is applied to his case, his final offense level remains level 43, and the Guideline range of imprisonment remains life in prison.

Title 18, United States Code, Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

In § 1B1.10 of the Guidelines, the Sentencing Commission identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case. On December 11, 2007, the Commission issued a revised version of § 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c). Revised § 1B1.10(a), provides, in relevant part:

> (1) <u>In General</u>.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which generally reduced the base offense level for most cocaine base ("crack") offenses by two levels. On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in § 1B1.10(c) which may be applied retroactively, effective March 3, 2008. The final result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses. At the high end, the guideline previously applied offense level 38 to any quantity

of crack of 1.5 kilograms or more.  That offense level now applies to a quantity of 4.5 kilograms or more; a quantity of at least 1.5 kilograms but less than 4.5 kilograms falls in offense level 36.

In this case, Amendment 706 did not have the effect of lowering the Guideline sentencing range applicable to Knight. Prior to the amendment, the Drug Quantity Table in U.S.S.G. § 2D1.1(c), applied the highest offense level of 38 to cases involving quantities of crack cocaine greater than 1.5 kilograms. After the amendment, in cases involving between 1.5 and 4.5 kilograms of crack cocaine, the defendant is correct that the drug quantity table has reduced the applicable offense level two levels to level 36.  However, the amendment did not reduce the offense level for cases involving quantities of crack cocaine greater than 4.5 kilograms.  As a result, cases of the magnitude of Knight's (involving greater than 4.5 kilograms) still require a base offense level of 38.

Knight's motion must be denied as it is clear that when the amended offense level is applied to his case, his final offense level and corresponding Guideline sentence range remains the same as it was at the time of his original sentencing hearing.

Pursuant to 18 U.S.C. § 3582(c)(2), a defendant's sentence may *only* be reduced when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."  In its revisions to Section 1B1.10, the Commission made clear that a sentencing court is not authorized to reduce a

5

defendant's sentence when a retroactive amendment does not result in lowering the applicable sentencing range for the defendant. Specifically, subsection (a)(2)(B) states: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore *is not authorized under 18 U.S.C. § 3582(c)(2)* if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10 (a)(2)(B) (emphasis added).

Courts also agree that where, as is the case here, application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur. See, e.g., United States v. Herrera, 2008 WL 4060168, *4 (10th Cir. 2008)(where application of Amendment 706 would still result in a life sentence, a reduction in the term of imprisonment is not authorized); United States v. Harris, 2008 WL 1342995 (E.D. Pa. 2008)(defendant not entitled to a sentence reduction where court originally found 21 kilograms of crack cocaine to be involved and offense level 38 still applied); United States v. Wright, 2008 WL 2265272 (E.D. Pa. 2008); United States v. Gonzalez-Balderas, 105 F.3d 981, 984 (5th Cir. 1997) (although a retroactive amendment reduced the defendant's offense level, the new level (44) still required the sentence of life imprisonment which was imposed, and the district court properly denied the motion summarily); United States v. Allison, 63 F.3d 350, 352-54 (5th Cir. 1995) (motion properly denied where the sentence would not be different under new

6

guideline); United States v. Townsend, 98 F.3d 510, 513 (9th Cir. 1996) (although a retroactive amendment to the career offender guideline changed the definition of a statutory maximum, the amendment did not benefit the defendant given that the maximum penalty for his offense, bank robbery, was the same under either definition, and thus the guideline range was the same); United States v. Dorrough, 84 F.3d 1309, 1311-12 (10th Cir. 1996) (the district court did not abuse its discretion in denying the § 3582(c)(2) motion, where an alternative means of sentencing permitted by the applicable guideline produced the same offense level which applied earlier); United States v. Armstrong, 347 F.3d 905, 908 (11th Cir. 2003) (the district court correctly denied the motion, where the defendant's offense level was not altered by the subject of the retroactive amendment); United States v. Young, 247 F.3d 1247, 1251-53 (D.C. Cir. 2001) (district court properly denied motion where the sentence was actually based on considerations not affected by the retroactive guideline amendment).

In order to make the determination whether an amendment provides jurisdiction for the Court to reduce a sentence under § 3582(c), the Third Circuit has held:

> It is, thus, clear that only the retroactive amendment is to be considered at a re-sentencing under § 3582 and the applicability of that retroactive amendment must be determined in light of the circumstances existent at the time sentence was originally imposed. In other words, the retroactive amendment merely replaces the provision it amended and, thereafter, the Guidelines in effect at the time of the original sentence

7

are applied.

United States v. McBride, 283 F.3d 612, 615 (3d Cir. 2002). Here, the circumstances that existed at the original sentencing hearing included the fact that the conspiracy involved a quantity of crack cocaine greatly in excess of 4.5 kilograms.[1] Considering this unrefuted fact, the amended guideline would require the application of a base offense level of 38. After adding four levels under the leader/organizer enhancement and two levels for the obstruction of justice enhancement, the defendant's adjusted offense level would still be 44. Since the Guidelines cap offense levels at 43, Knight's final offense level after the amendment, would still be 43. With an offense level 43 and a Criminal History Category II, the Guideline sentence range remains today as imprisonment for life. Therefore, since the sentencing range has not been lowered as a result of Amendment 706, § 3582(c)(2) is inapplicable, and this court lacks jurisdiction to reduce the sentence.

---

[1] The defendant cannot now challenge the quantity of crack cocaine involved when he lodged no objection to the crack cocaine quantities at the time of his sentencing hearing. He accepted the drug quantity as stated in the presentence report and never challenged this Court's finding as to the vast quantity of crack cocaine involved. As the Third Circuit pointed out "[Knight's] defense did not go to the amount of drugs involved." Knight, 50 Fed.Appx. at 568.

WHEREFORE, the government respectfully requests that the Court deny Knight's motion for a sentence reduction.

> Respectfully submitted,
>
> MARY BETH BUCHANAN
> United States Attorney
>
>
> s/ Marshall J. Piccinini
> MARSHALL J. PICCININI
> Assistant U.S. Attorney
> PA ID No. 56362